THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0122-JCC |
| Plaintiff, | ORDER |
| v. | |
| MOHAMMED ZAFARANCHI and MARK ALFREDO LEZAMA, | |
| Defendants. | |

This matter comes before the Court on the Government's Rule 15(a) motion to depose witness Spencer Martin (Dkt. No. 55), along with the Government's motions to seal (Dkt. Nos. 57, 63). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

Defendants Mark Lezama and Mohammed Zafaranchi are charged with conspiracy, wire fraud, money laundering, and destruction of records in a federal investigation. (*See* Dkt. No. 1.) They are alleged to have run call centers that purported to offer mortgage modification services to distressed homeowners. (*Id.* at 1.) But the indictment asserts that these call centers used "pretenses, misrepresentations, false promises, and other fraudulent and deceptive practices." (*Id.* at 1–2.)

As to the Government's motion to depose (Dkt. No. 55), the Court may grant such a request in "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1); *United States v. Maolin*, 973 F.3d 977, 1004–05 (9th Cir. 2020). "Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial," not that there be "any conclusive showing of 'unavailability.'" *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998).[1] This Court considers several factors in evaluating a Rule 15 motion, including: (1) the witness's unavailability; (2) whether the Government has made a good faith effort to obtain the witness's presence at trial; (3) whether the expected testimony would be favorable and material; and (4) whether the witness is available and willing to be deposed. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995).

According to the Government, the witness at issue, Mr. Martin, worked at the call centers and opened an account which ultimately held Defendants' funds. (*See* Dkt. No. 55 at 4.) This renders him a material and favorable witness. Defendants do not dispute this, (*see generally* Dkt. Nos. 60, 61), nor do they dispute Mr. Martin's willingness to testify. Instead, they take issue with Mr. Martin's potential unavailability at trial. (*Id.*) In 2016, Mr. Martin, who lives in California, was involved in a car collision, resulting in a severe disability. (*See* Dkt. No. 59 at 3.) According to his physician, it would be medically inappropriate for him to travel to Washington for trial. (*See id.* at 5.)

Defendant Zafaranchi argues that the Government has not shown that Mr. Martin will not be able to attend trial, and Defendant Lezama argues that the Government is asking the Court to necessarily decide that the deposition would be proper to admit as testimony. (*See* Dkt. Nos. 60 at 3, 61 at 1.) But the Government is not asking the Court to decide admissibility. (*See generally*

---

[1] "The district court retains broad discretion in granting a Rule 15(a) motion and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *Id.*

Dkt. No. 55.)² It only seeks to preserve testimony, should Mr. Martin be unable to testify at trial. (*Id.*) And based on the evidence the Government offers, (*see* Dkt. No. 59), it appears clear that Mr. Martin's availability at trial is at issue. Accordingly, the Court finds that Mr. Martin's medical condition and his materiality as a witness present an exceptional circumstance, so that it is in the interest of justice that he now be deposed. *See United States v. Prokop*, 2014 WL 1154164, slip op. at 3 (D. Nev. 2014) (finding that a witness's health issues that prevented travel and her materiality to the trial satisfied Rule 15's requirements).

Separately, the Government moves to maintain certain filings under seal (Dkt. Nos. 57, 63). While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the nature of the medical information contained in the materials at issue, these criteria are met here.

For the foregoing reasons, the Court GRANTS the Government's motions to give Rule 15 depositions to preserve testimony and to seal (Dkt. Nos. 55, 57, 63). The Clerk is DIRECTED to maintain Docket Numbers 58, 59, and 64 under seal.

DATED this 17th day of April 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

² If the Government later "seeks to introduce [the deposition] as evidence at trial, [it] will have to demonstrate at that time that the deponent is unavailable." *United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985); *see also* Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility.").