The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MOHAMMED ZAFARANCHI,<br><br>Defendant. | NO. CR22-122-JCC-1<br><br>[~~PROPOSED~~]<br>ORDER ON OBJECTIONS RAISED DURING DEPOSITION OF SPENCER MARTIN |

Having considered the parties' Stipulated Motion for Rulings on Objections Raised During the Deposition of Spencer Martin (**Dkt. No. 109**), the Court has preliminarily ruled on each objection raised as noted on the chart below. **The objecting part may renew an objection during trial (but is cautioned that the Court will not revise its ruling(s) absent evidence produced during trial calling into question that ruling).** In the meantime, each party shall prepare a video/audio file containing the designated portions of their respective examinations edited in accordance with these preliminary rulings. The parties shall exchange the edited files no later than January 24, 2025.

The rulings on the objections made to the corresponding pages and lines in the deposition transcript of Spencer Martin are as follows:

[~~PROPOSED~~] Order Regarding Deposition Objections - 1
*United States v. Zafaranchi* CR22-122JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Page: Line(s) | Question | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|---|
| 12:15-16 | Can you pan to reflect – ist it possible to pan to—down to the side of the table? | The Court approved deposition was for Spencer Martin, the video was not authorized to be taken of Mr. Zafaranchi. | The question does not seek testimony from Mr. Zafaranchi. The video capture is necessary to provide context to the question and answer. | | X |
| 12:21-22 | Let the record reflect that the witness has identified the Defendant Mohammed Zafaranchi | Same objection as above. Also it is not for the government to reach that conclusion, it is for the Court. | At trial, the government will pause the video and ask the Court whether the record may reflect that the witness has identified the defendant. | | X |
| 14:24-25 15:1-8 | I'm going to show you-or I want you to look in your binder at what's been premarked as Government's—as Plaintiff's Exhibit 200.

Do you recognize this document?

What is it?

And is this a true and accurate copy of the script that you remember? | Lack of foundation, lack of authenticity, hearsay. On page 165 of the transcript the witness made it clear that this was not the script used by him. Additionally, he did not produce the script to the government. See, page 181. The Defendant did not utilize this script. See, page 180:23-25. Also, the Defendant did not work for the call center where this script related | The witness repeatedly testified that this is the script he was directed to use. See: p. 15:9 166:25 169:22-25 175: 14-18

The testimony cited by defendant for the claim defendant did not work for this call center (p. 16:18-19) relates to a different exhibit (Exhibit 201). | | X |

[~~PROPOSED~~] Order Regarding Deposition Objections - 2
*United States v. Zafaranchi*  CR22-122JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Page: Line(s) | Question | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|---|
| | | to. See, p. 16, line 18-19. | | | |
| 16:14-17 | And let's take a look just at the next tab, which is Exhibit 201. What is this document? | Lack of foundation, lack of authenticity, hearsay. The witness testified that he did not work at the call center that this script was allegedly associated with. See page 16:19. On page 165 of the transcript the witness made it clear that this was not the script used by him. Additionally, he did not produce the script to the government. See, page 181. The Defendant did not utilize this script. See, page 180:23-25. Also, the Defendant did not work for the call center where this script related to. See, p. 16, line 18-19. | The witness testified he personally reviewed this script and that the text is almost identical to the script (Exhibit 200) that he was asked to use. See pp 16:23-17:3)<br><br>The relationship between the scripts is relevant to show the California call centers and Washington call centers followed similar practices. | | X |
| 21:1-2 | Do you know if Mike was involved in any call centers located in Washington State? | Hearsay and lack of foundation. | Coconspirator statement (FRE 801(d)(2)(E))<br><br>The "Mark" referenced at p. 21:8 is co-defendant Mark Lezama | | X |
| 21:5-6 | And how did you know that? | Answer is based upon hearsay. | Coconspirator statement (FRE 801(d)(2)(E)) | | X |

[~~PROPOSED~~] Order Regarding Deposition Objections - 3  
*United States v. Zafaranchi* CR22-122JCC

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

| Page: Line(s) | Question | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|---|
| | | | The "Mark" referenced at p. 21:8 is co-defendant Mark Lezama | | |
| 22:6-8 | Lets take a look at what's been premarked as Government's Exhibit 902. Do you recognize this document? | Exhibit 902 is incomplete, and only 1 page. See, objection on page 23:15-16. | The exhibit is a 1-page Certificate of Incorporation; it is not an incomplete document | | X |
| 29:16-17 | Let's take a look at what's been premarked as Plaintiff's Exhibit 904. | The text message exhibits, 904, 907, 909, and 913 are text message screen shots produced by this witness. They are not original, do not include metadata, and lack authenticity. Moreover, there is no phone number reflected on the exhibits as to who the communication was with. Rather, the witness claimed that "Boss Man Mike" was Mr. Zafaranchi. However, without the phone, or original electronic date, it is impossible to verity who actually sent the messages. Additionally, the witness testified at page 98-102, | See Government's Motion to Admit Exhibits 904, 907, 909 and 913, submitted herewith. | | X |

[PROPOSED] Order Regarding Deposition Objections - 4
*United States v. Zafaranchi*  CR22-122JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Page: Line(s) | Question | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|---|
| | | and 106-108 that as a result of these being screen shots, as opposed to downloads, they may not be the entirety of communication between the individuals in the conversation. Accordingly, the exhibits are incomplete, violate the best evidence rule, and lack authentication. Mr. Zafaranchi objects to all questions related to Exhibits 904, 907, 909, and 913. This objection will be referred to as the "Text Message objection" hereinafter. | | | |
| 42:22-23 | I'm showing you what's been premarked as Government's exhibit 907. | In addition to the Text Message Objection, this series of text message screen shots includes communication with an additional individual and is therefore hearsay, not subject to any exception. This objection would also apply to Exhibit 913; however, it does | The witness identified the third person as co-defendant Mark Lezama (aka Ted) see p. 104:11-15. Accordingly, the text messages sent by the third person individual are co-conspirator statements. See Government's | | X |

[PROPOSED] Order Regarding Deposition Objections - 5
*United States v. Zafaranchi* CR22-122JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Page: Line(s) | Question | Objection | Response | Sustained | Overruled |
|---|---|---|---|---|---|
| | | not appear that the government is attempting to introduce those exhibits. | Motion to Admit Exhibits 904, 907, 909 and 913. | | |
| 58:21-22 | Let's go look at what's been marked as Government Exhibit 909. | Text Message Objection. In addition to the Text Message Objection, this series of text message screen shots includes communication with an additional individual and is therefore hearsay, not subject to any exception | The witness identified the third person as co-defendant Mark Lezama (aka Ted) *see* p. 104:11-15.<br><br>Accordingly, the text messages sent by the third person are co-conspirator statements.<br><br>See Government's Motion to Admit Exhibits 904, 907, 909 and 913, submitted herewith. | | X |
| 104: 11-15 | Q. So there's an individual that you have not identified that is part of these communications; correct?<br>Q Okay. Who is that, (949) 239- --<br>A. I believe that number is Mark's or Ted.<br>Q I want to go back to Exhibit 904 -- well, | Text Message Objection; Hearsay, and speculation. | See Government's Motion to Admit Exhibits 904, 907, 909 and 913, submitted herewith. | | X |
| 190-193 | Questions about Boss Man Mike and text message communication | Text Message Objection, lack of foundation, speculation. | See Government's Motion to Admit Exhibits 904, 907, 909 and 913, submitted herewith. | | X |

[PROPOSED] Order Regarding Deposition Objections - 6
*United States v. Zafaranchi* CR22-122JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IT IS SO ORDERED.

DATED: November 12, 2024.

_____
JOHN C. COUGHENOUR
United States District Court Judge

Presented by:

*s/Seth Wilkinson*
SETH WILKINSON
LAUREN WATTS STANIAR
Assistant United States Attorneys

[PROPOSED] Order Regarding Deposition Objections - 7
*United States v. Zafaranchi* CR22-122JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970