THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MOHAMMAD ZAFARANCHI,<br><br>　　　　　　Defendant. | CASE NO. CR22-0122-JCC-1<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's motion to continue trial (Dkt. No. 115), which the Court GRANTS foe the reasons explained below. Trial is continued to July 7, 2025.

　　　　Defendant is charged with Conspiracy to Commit Wire Fraud, Wire Fraud, Money Laundering, and Destruction of Records in a Federal Investigation. (Dkt. No. 1.) Trial is scheduled to begin February 24, 2025. (Dkt. No. 85.)

　　　　Defendant requests a continuance to sometime in July 2025. (*See* Dkt. No. 115; *see also* Dkt. No. 116 (waiver of speedy trial rights through July 31, 2025.) Defendant indicates a continuance is necessary to allow him to engage in Ramadan, which begins February 28, 2025. (*See generally* Dkt. No. 115.) Defendant will be preparing for the religious event and fasting throughout its duration. (*Id.*) According to Defendant, this would impact his ability to meaningfully participate in his defense at trial, at least as it is presently scheduled. (*Id.*) Further,

due to conflicting trial calendars following Ramadan, current defense counsel are not again available until July. (*Id.*)

Based on the this, the Court FINDS as follows:

1. The failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv), and would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i). Moreover, to deprive Defendant of current defense counsels' services, given their familiarity with this case, would result in an injustice to Defendant. (*Id.*)

2. The additional time requested is necessary to provide Defendant the ability to meaningfully participate in his defense and would result in a reasonable delay.

3. Granting a continuance will serve the ends of justice, as it is necessary to ensure adequate time for case preparation, and the ends of justice served outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

Accordingly, trial is CONTINUED to July 7, 2025, at 9:00 a.m. The Court ORDERS that the time between the date of this order and the new trial date is excludable time under the Speedy Trial Act. The parties are DIRECTED to file a stipulation addressing remaining pretrial deadlines (and if unable to do so file a status report) within seven days of this order.

DATED this 31st day of December 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE