```
1  Mohammed Zafaranchi
   88 Havenwood
2  Irvine, CA 92614
   Defendant, filing pro se pending leave
3
```

FILED (DROP BOX)

JUL 0 1 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR22-122-JCC |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO VACATE DOCKET 51 AND DISMISS THE INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION** |
| MOHAMMED ZAFARANCHI, | |
| Defendant. | NOTE ON MOTION CALENDAR: Hearing Requested Before July 7, 2025 |
| | DISPOSITIVE MOTION |
| | ORAL ARGUMENT REQUESTED |

**Notice:** This motion is filed concurrently with Defendant's Motion for Leave to File Pro Se and Motion to Expedite Briefing Schedule.

Defendant, Mohammed Zafaranchi, respectfully moves this Court to vacate its Order of July 17, 2023 (Dkt. 51), and to dismiss the Indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* If the Court is disinclined to grant this motion on the papers, Defendant requests a hearing at the Court's earliest convenience.

Defendant wishes to make clear that this motion is not intended as criticism of the Court or opposing counsel. It is respectfully submitted solely to preserve Defendant's statutory and constitutional rights under binding Supreme Court and Ninth Circuit precedent.

*(U.S. v. MOHAMMED ZAFARANCHI, CR22-122-JCC)* - 1

**SUMMARY OF ARGUMENT**

This motion seeks dismissal of the indictment for a clear and non-waivable violation of the Speedy Trial Act. On July 17, 2023, the Court entered an order (Dkt. 51) continuing the trial for nearly a year based solely on boilerplate, party-proposed language, without making any contemporaneous, case-specific judicial findings as required by law. Over 367 non-excludable days have elapsed, far exceeding the Act's 70-day limit. The Supreme Court and Ninth Circuit are clear: such deficiencies require dismissal, and neither party stipulation nor post hoc rationale can cure the violation. Dismissal with prejudice is mandated by statute and binding precedent.

**I. INTRODUCTION — THE STATUTE FORBIDS RETROACTIVE "CURES"**

The Speedy-Trial Act ("STA") guarantees that a felony trial begins within 70 non-excludable days and declares that guarantee non-waivable. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 500-02 (2006).

A recent review of docket timing clearly demonstrates an STA violation. On 17 July 2023 the Court signed what was substantively the parties' "(Proposed) Order Continuing Trial Date" (Dkt. 51, "Order 51"), which

- moved trial about eleven months — from 23 October 2023 to 16 September 2024, and

- purported to exclude the entire 427-day interval from 17 July 2023, through 16 September 2024, from STA computation.

Order 51 is fatally deficient because it consists of boiler-plate language copied from the parties' draft (see Dkt. 48-1), omits any case-specific judicial analysis, and fails to meaningfully consider the public's interest in a speedy trial. *Zedner* requires that ends-of-justice findings appear "on the record at the time the continuance is granted," and the Ninth Circuit vacates

continuances where, as here, the judge "simply adopted" the parties' template. *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154-55 (9th Cir. 2000); *United States v. Clymer*, 25 F.3d 824, 828-29 (9th Cir. 1994).

Without Order 51's exclusion, approximately 367 non-excludable days have elapsed — more than five times the 70-day limit — so 18 U.S.C. § 3162(a)(2) requires dismissal. Because *Zedner* forbids nunc-pro-tunc repairs, dismissal is the only lawful remedy. Defendant therefore moves to vacate Dkt. 51, declare the Speedy Trial clock exceeded, and dismiss the indictment. Defendant further requests oral argument pursuant to Local Rule; if the Court is disinclined to grant the motion on the papers, Defendant asks that a hearing be set at the earliest available date.

## II. RELEVANT CHRONOLOGY & DAY-COUNT

| Segment | Days running |
| --- | --- |
| 13–14 Sep 2022 (arraignment + following day) | 2 |
| 16–20 Sep 2022 | 5 |
| 17 Jul 2023 → 10 Mar 2024 | 238 |
| 13 Mar 2024 → 4 Apr 2024 | 23 |
| 18 Apr 2024 → 25 Jul 2024 | 99 |
| **Total non-excluded days** | **≈ 367** |

*Spreadsheet with docket citations is attached as* **Exhibit A**.

**Note on April 2024 tolling:** The motion to depose Spencer Martin and related sealing motions (Dkts. 55-65) tolled time from April 5, 2024, through April 17, 2024, under § 3161(h)(1)(D); those 13 days are not counted above.

## III. Order 51 is invalid because it lacks the case-specific, contemporaneous findings required by § 3161(h)(7).

1. **Boiler-plate findings adopted verbatim from a stipulation** are insufficient. *Ramirez-Cortez*, 213 F.3d at 1155 (reversing where court "simply adopted" parties' proposed order (Dkt. 48-1) without independent analysis). Order 51's text mirrors the parties' draft and adds no independent judicial reasoning. Adoption without analysis violates *Zedner* and *Ramirez-Cortez* because the Court's own reasoning must appear. See *Clymer*, 25 F.3d at 828–29.

   **Neither party stipulation nor defense waiver can excuse the court's independent statutory obligation.** The Ninth Circuit and Supreme Court have made clear that even when both parties jointly request a continuance, the district court must make its own contemporaneous, case-specific findings to justify any Speedy Trial Act exclusion. "An agreement between the parties does not relieve the district court of its obligation to make its own findings." (emphasis added) *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154–55 (9th Cir. 2000); see also *United States v. Clymer*, 25 F.3d 824, 828–29 (9th Cir. 1994); *Zedner v. United States*, 547 U.S. 489, 500–02 (2006). Party stipulation does not validate a substantively deficient order or waive the statutory protections.

2. **No public-interest analysis — The Ninth Circuit requires courts to "explicitly" balance and consider the interests of the public as well as the defendant in any Speedy Trial Act continuance.** United States v. Perez-Reveles, 715 F.2d 1348, 1352 (9th Cir. 1983); United States v. Williams, 511 F.3d 1044, 1048 (9th Cir. 2007) ("[B]are conclusions are fatal."). Section 3161(h)(7)(A) mandates this analysis, which is absent

here. The order states that delay "outweighs the interests of the defendants" but is silent as to the public. That omission alone violates the statute and Supreme Court precedent. See Zedner, 547 U.S. at 508. The omission is not academic. The public shares a statutory interest in prompt adjudication so that **(i)** court resources are not consumed by stale prosecutions, **(ii)** witnesses testify while memories are fresh, and **(iii)** investors, employees, and consumers affected by the charged conduct receive timely closure. The Ninth Circuit has emphasized that these systemic interests must appear "explicitly in the district court's calculus." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). Order 51 contains no such calculus, **nor does it include** an explanation of *why*. The Ninth Circuit has held that such bare conclusions are "fatal." *United States v. Williams*, 511 F.3d 1044, 1048 (9th Cir. 2007). The only mention of the public interest in Order 51 is a formulaic statement that fails to discuss any specific public factors, harms, or reasons for delay unique to this prosecution.

- A mere recitation that "the ends of justice outweigh the best interests of the public" — without any explanation or factual support — does not satisfy the requirements of § 3161(h)(7)(A) or binding precedent. Courts must "explicitly" address and balance the public's statutory interest in a speedy trial, and the failure to do so is reversible error. See Williams, 511 F.3d at 1048; Perez-Reveles, 715 F.2d at 1352.
- Here, the order's reference to the public interest is nothing more than a conclusory statement that simply tracks the statutory language, with no facts or reasons particular to this case. The Ninth Circuit and Supreme Court have made clear that this is insufficient; the court must explain on the record why, in this specific case, the

public's interest is outweighed, not merely recite statutory phrases. See Zedner, 547 U.S. at 508.

3. **An eleven-month exclusion without specific judicial justification.** Long continuances demand detailed, articulated justification **from the Court.** *United States v. Lloyd*, 125 F.3d 1263, 1268-69 (9th Cir. 1997). The longer the exclusion, the more detailed the justification required. *United States v. Jordan*, 915 F.2d 563, 565–66 (9th Cir. 1990). Nothing in Order 51 addresses witness unavailability, discovery complexity, or scheduling conflicts sufficient to justify nearly a year of delay. Even if the Government invokes the "complex-case" prong of § 3161(h)(7)(B)(ii), the statute still demands **contemporaneous, case-specific findings**—complexity is not a free pass. Even when an order recites "due diligence" or the need for counsel to prepare, the Ninth Circuit requires the court to explain why, in this particular case, those factors actually justify such an extended delay, rather than simply repeating the statutory language. See United States v. Zhou, 829 F.3d 994, 1001 (9th Cir. 2016). The Ninth Circuit has vacated exclusions where the court recited complexity but failed to explain *why* that complexity justified the particular length of delay. *United States v. Zhou*, 829 F.3d 994, 1001 (9th Cir. 2016) (reversing where district court "merely invoked the word 'complex' without detailing its reasoning"). Order 51 does exactly what *Zhou* forbids.

4. **Non-waivability** — Defendant's waiver filed with the motion (Dkt. 50) cannot validate the continuance. *Zedner*, 547 U.S. at 500-02.

5. **No contemporaneous oral findings** — No hearing was held, and no transcript or minute entry exists for July 17, 2023, when Order 51 was entered. The docket (Entries 48–51)

confirms that the continuance was granted without any on-the-record, case-specific findings by the Court, as required by 18 U.S.C. § 3161(h)(7).

Under *Zedner v. United States*, 547 U.S. 489, 506–07 (2006), and *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154–55 (9th Cir. 2000), a continuance must be supported by contemporaneous, judicial findings made on the record. Post-hoc reasoning cannot cure a deficient order. Nearly two years have passed; nunc pro tunc elaboration is legally prohibited.

Note: Although the underlying motion (Dkt. 48) referenced circumstances, *the Court did not incorporate those specifics **into its findings in Order 51**. Case-specific analysis* **must come from the Court itself**, ***demonstrating its independent consideration****, not be inferred from a separate **party** pleading.*

Moreover, the nearly eleven-month continuance in this case made it especially critical for the Court to articulate detailed, case-specific reasons justifying such an extraordinary delay. The Ninth Circuit has repeatedly held that the longer the exclusion under the Speedy Trial Act, the more particularized and explicit the court's findings must be. See United States v. Zhou, 829 F.3d 994, 1001 (9th Cir. 2016) (reversing where district court "merely invoked the word 'complex' without detailing its reasoning" for a lengthy continuance); United States v. Jordan, 915 F.2d 563, 565–66 (9th Cir. 1990) ("[T]he greater the length of the delay, the more searching the district court's inquiry must be."). Order 51, by contrast, contains only generic, boilerplate recitations of the statutory language, with no facts specific to this case or explanation of why nearly a full year was necessary. The absence of any meaningful explanation is particularly problematic given the length of the continuance, and it renders the order fatally deficient under controlling law.

## IV. CONSEQUENCE: 367 > 70 ⇒ MANDATORY DISMISSAL

**Later continuances cannot resurrect elapsed time.**

Once the 70-day limit is exceeded, the violation is complete and "cannot be cured by a subsequent continuance, no matter how well supported." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 n.6 (9th Cir. 2000). The Ninth Circuit has reiterated that point: when the clock has already run, later exclusions "do not retroactively approve the time that has already elapsed." *United States v. Shetty*, 130 F.3d 1324, 1329 (9th Cir. 1997). Continuances obtained after July 17, 2023, may toll future days, but they cannot erase the 367 non-excludable days that had already accrued; dismissal is therefore mandatory. Thus, the passage of more than 367 non-excludable days is a violation that cannot be "cured" by subsequent orders, regardless of their content or timing.

Section 3162(a)(2) directs that the indictment **"shall be dismissed"** when the 70-day cap is exceeded. Prejudice affects whether dismissal is *with* vs. *without* prejudice—but dismissal itself is non-discretionary. *Ramirez-Cortez*, 213 F.3d at 1156. (vacating conviction where defective continuance caused STA violation); *United States v. Pollock*, 726 F.2d 1456, 1462-63 (9th Cir. 1984) (same).

## V. TIMELINESS OF THIS MOTION

Under § 3162(a)(2), a Speedy-Trial-Act motion must be made before trial starts; if the court erroneously denied relief, the issue is preserved for appeal. Trial is now set for 7 July 2025, so the motion is timely. See *United States v. Berberian*, 851 F.2d 236, 239 (9th Cir. 1988).

## VI. DISMISSAL WITH PREJUDICE IS WARRANTED

Under 18 U.S.C. § 3162(a)(2), the Court must evaluate three statutory factors to determine whether dismissal should be with or without prejudice: the seriousness of the offense,

the facts and circumstances leading to dismissal, and the impact of reprosecution on the administration of justice. Each factor strongly favors dismissal with prejudice in this case.

### A. Seriousness of the Offense

While acknowledging the seriousness of the charges, courts routinely dismiss indictments with prejudice for clear procedural violations of the Speedy Trial Act, particularly when delays far exceed statutory limits. Here, the magnitude of the procedural violation—a delay more than five times the permissible period—significantly outweighs prosecutorial interests in reprosecution. Wire-fraud and money-laundering charges are serious, but seriousness "does not automatically compel denial of dismissal with prejudice." *United States v. Taylor*, 487 U.S. 326, 344 (1988). When the Government chooses wide-ranging, document-intensive theories, it assumes the STA burdens that complexity creates.

The Ninth Circuit has affirmed dismissal with prejudice even for narcotics-trafficking and other grave felonies when the government "bears principal responsibility for missing the Act's deadline." *United States v. Ramirez*, 973 F.2d 36, 40 (1st Cir. 1992) (affirming with-prejudice dismissal of meth-distribution indictment). The same principle holds here.

### B. Facts and Circumstances Leading to the STA Violation

The Speedy Trial Act violation occurred when the Court, in its Order 51, adopted verbatim the boilerplate continuance language from the parties' jointly proposed order (Dkt. 48-1). While the continuance was sought jointly by the defense and unopposed by the government, the Court did not make its own required independent, contemporaneous, and case-specific findings. This adoption of the parties' draft without distinct judicial analysis directly contravenes the explicit mandates of *Zedner v. United States*, 547 U.S. at 507 ("Without on-the-record findings, there can be no ends-of-justice continuance.") and Ninth Circuit precedent.

The extraordinary length of the delay—approximately 367 non-excludable days—reflects substantial procedural oversight. Crucially, this delay has severely prejudiced Defendant's constitutional rights. Key witness memories have eroded over this extensive period, undermining Defendant's ability to secure critical, exculpatory testimony and evidence necessary for a complete defense. Witness availability and cooperation have likewise diminished due to passage of time, further impairing defense efforts.

### C. Impact of Reprosecution on the Administration of Justice

Permitting reprosecution following such significant procedural failures would severely undermine the integrity and accountability of the judicial system. Allowing reprosecution signals judicial tolerance of substantial governmental oversight, weakening public confidence in procedural fairness and encouraging lax adherence to statutory mandates.

The public interest demands accountability, fairness, and respect for constitutional and statutory rights. A dismissal without prejudice would effectively reward prosecutorial and judicial neglect, diminishing public trust in the federal criminal justice system and compromising future adherence to statutory obligations.

### D. Defendant's Prejudice

Defendant has suffered substantial, tangible prejudice due to the prolonged delay. Critical defense evidence and testimony have been lost or severely compromised. Witness recollections, essential to Defendant's defense, have deteriorated significantly. Moreover, Defendant has endured heightened anxiety, profound reputational harm, financial hardship from extended litigation, and significant disruptions to personal and professional life. The Supreme Court explicitly recognizes these harms—**including oppressive pretrial delay, anxiety, and**

impairment of defense—as critical considerations favoring dismissal with prejudice. See United States v. Taylor, 487 U.S. 326, 340–41 (1988).

Such tangible prejudice weighs heavily toward dismissal with prejudice. *Ramirez-Cortez*, 213 F.3d at 1156.

Given these compelling factors—severity of the procedural violation, significant prejudice to Defendant, and adverse impacts on public trust and justice administration—dismissal with prejudice is not only justified but necessary. Defendant respectfully urges this Court to grant dismissal with prejudice as the only appropriate remedy sufficient to rectify this substantial Speedy Trial Act violation and to uphold the Act's critical protections.

## VII. CONCLUSION

The Speedy Trial Act's protections are mandatory and non-waivable. Here, more than 367 non-excludable days elapsed without a valid, case-specific ends-of-justice finding. Both Supreme Court and Ninth Circuit precedent make clear that this violation cannot be cured by subsequent orders, party agreement, or nunc pro tunc rationales. Because the 70-day statutory limit was exceeded, dismissal of the indictment is required. Any other result would undermine the fundamental right to a speedy trial and the integrity of the Act. Dismissal is not merely authorized; it is the only lawful remedy under the Speedy Trial Act.

## VIII. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully asks the Court to:

1. **VACATE** Order 51 (Dkt. 51);

2. **DECLARE** that at least 367 non-excludable days have elapsed;

3. **DISMISS** the indictment **WITH PREJUDICE** under 18 U.S.C. § 3162(a)(2); and

4. **VACATE** all trial-related dates and release Defendant from existing pre-trial conditions.

5. **SET ORAL ARGUMENT** if the Court is inclined to deny this motion on the papers, Defendant requests that a hearing be set at the earliest possible date.

Therefore, Defendant respectfully asks the Court to expedite consideration of this motion by setting a 2-day response deadline and ruling before July 7, 2025, due to the statutory Speedy Trial Act violation and the imminent trial date.

**Defendant respectfully states for the record** that established case law from the Supreme Court (*Zedner*) and the Ninth Circuit (*United States v. Jordan*) prohibits retroactive or "after-the-fact" findings to cure a Speedy Trial Act violation. This statement is included to fully preserve this important legal issue for any potential appeal. If the Court attempts to add post-hoc or nunc-pro-tunc findings, Defendant will immediately seek a stay and writ of mandamus relief. *Zedner* bars retroactive cures, and Ninth Circuit precedent (*United States v. Jordan*, 915 F.2d 563 (9th Cir. 1990)) supports such relief in that circumstance. This circuit has not hesitated to grant mandamus where the district court attempts to retroactively cure a Speedy Trial Act violation.

**Defendant trusts the Court understands this position is stated not out of defiance, but out of a duty to zealously protect Defendant's rights.**

DATED this 1st day of July 2025.

                              Respectfully submitted,

                              /s/ Mohammed Zafaranchi,
                              Mohammed Zafaranchi
                              Defendant (pro se filing pending Court approval)
                              88 Havenwood, Irvine CA 92614

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2025, I caused a true and correct copy of the foregoing to be served as follows:

**By hand-delivery to:**

United States Attorney's Office – Western District of Washington

Attn: Seth C. Wilkinson, Lauren Watts Staniar, and Dane A. Westermeyer

700 Stewart Street, Suite 5220

Seattle, WA 98101

**By email to Defendant's counsel of record:**

David Z. Chesnoff – dzchesnoff@cslawoffice.net

Richard A. Schonfeld – rschonfeld@cslawoffice.net

Mark N. Bartlett – MarkBartlett@dwt.com

Dated: July 1, 2025

Respectfully submitted,
/s/ Mohammed Zafaranchi
Mohammed Zafaranchi
88 Havenwood
Irvine, CA 92614

# EXHIBIT A

**Exhibit A — Speedy Trial Day Count Table**

*United States v. Mohammed Zafaranchi, Case No. CR22-122-JCC*

| Time Period | Event or Docket Entry | Days Counted | Excluded? | Notes |
|---|---|---|---|---|
| Sep 13–14, 2022 | Arraignment and next day | 2 | No | Clock starts after arraignment on indictment |
| Sep 15–20, 2022 | No pending motions | 5 | No | No excludable events |
| Jul 17, 2023 – Mar 10, 2024 | Based on Order 51 (Dkt. 51), trial reset; no valid findings | 238 | No | Continuance defective under Zedner; order lacked contemporaneous, case-specific findings |
| Mar 13 – Apr 4, 2024 | No pending motions | 23 | No | Post-hearing period; clock resumes |
| Apr 5 – Apr 17, 2024 | Motion to depose filed and resolved (Dkts. 55–65) | — | Yes | Time excluded under 18 U.S.C. § 3161(h)(1)(D) |
| Apr 18 – Jul 25, 2024 | No motions pending | 99 | No | Clock runs uninterrupted |
| **TOTAL** | | **367** | | |

# EXHIBIT B

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMED ZAFARANCHI,<br><br>Defendant. | Case No.: CR22-122-JCC<br><br>**(PROPOSED) ORDER GRANTING DEFENDANT'S MOTION TO VACATE DOCKET 51 AND DISMISS THE INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION** |

This matter comes before the Court on Defendant Mohammed Zafaranchi's Motion to Vacate Docket No. 51 and Dismiss the Indictment for Speedy Trial Act Violation, notwithstanding Defendant's current representation by counsel. The Court has considered the motion, accompanying exhibits, applicable statutory provisions, and relevant binding precedent.

The Court finds that:

1. The Court's Order of July 17, 2023 (Dkt. 51), granting an eleven-month continuance, does not contain contemporaneous, case-specific findings required under 18 U.S.C. § 3161(h)(7)(A).

*(U.S. v. MOHAMMED ZAFARANCHI, CR22-122-JCC)* - 1

2. The record lacks any independent judicial analysis justifying the exclusion of time under the "ends of justice" provision, in violation of the standards set forth in *Zedner v. United States*, 547 U.S. 489 (2006), and *United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000).

3. As a result, approximately 367 non-excludable days have elapsed between arraignment and the current trial date, exceeding the 70-day limit imposed by 18 U.S.C. § 3161(c)(1).

4. Pursuant to 18 U.S.C. § 3162(a)(2), dismissal of the indictment is required, as the Speedy Trial Act violation cannot be retroactively cured by post hoc findings.

5. Considering the statutory factors under § 3162(a)(2)—including the length of delay, lack of case-specific justification, prejudice to the Defendant, and the integrity of the judicial process—the Court finds that dismissal with prejudice is appropriate.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court's Order dated July 17, 2023 (Dkt. 51) is **VACATED**;

2. The Court finds that at least 367 non-excludable days have elapsed under the Speedy Trial Act;

3. The indictment in this case is **DISMISSED WITH PREJUDICE** pursuant to 18 U.S.C. § 3162(a)(2);

4. All pending trial dates and pretrial deadlines are **VACATED**;

5. Defendant is hereby **RELEASED from all pretrial supervision and conditions**;

6. The Clerk is directed to terminate this case on the docket.

IT IS SO ORDERED.

*(U.S. v. MOHAMMED ZAFARANCHI, CR22-122-JCC)* - 2

DATED this ___ day of _____, 2025.

                                                _____
                                                JOHN C. COUGHENOUR
                                                United States District Judge

Presented by:

/s/ Mohammed Zafaranchi,
Mohammed Zafaranchi
Defendant (pro se filing pending Court approval)

*(U.S. v. MOHAMMED ZAFARANCHI, CR22-122-JCC)* - 3