THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMED ZAFARANCHI,<br><br>Defendant. | CASE NO. CR22-0122-JCC-1<br><br>ORDER |

This matter comes before the Court on Defendant's *pro se* motion for leave to proceed using hybrid representation (Dkt. No. 180), along with his *pro se* motions (a) to dismiss (Dkt. No. 181) and (b) for an expedited briefing schedule on the motion to dismiss (Dkt. No. 182).

Defendant is charged with conspiracy to commit wire fraud (Count 1), wire fraud (Counts 2–6), money laundering (Counts 7–11), and destruction of records in a federal investigation (Count 12). (Dkt. No. 1.) Trial is scheduled for July 7, 2025. (Dkt. No. 123.) This follows years of continuances at Defendant's request. (*See, e.g.,* Dkt. Nos. 29, 82, 115.)

Throughout this time, Defendant was represented by counsel, who submitted many motions in preparation for trial and in defense of this case. (*See, e.g.,* Dkt. Nos. 74, 75, 76, 77, 78, 81, 145.) Nevertheless, dissatisfied with present counsels' unwillingness to seek dismissal

1  based on an asserted Speedy Trial violation, Defendant asks the Court for leave to do so himself
2  on the eve of trial. (*See* Dkt. Nos. 180, 181, 182.)[1]

3  "A criminal defendant does not have an absolute right to both self-representation and the
4  assistance of counsel. Whether to allow hybrid representation remains within the sound
5  discretion of the trial judge." *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *see,*
6  *e.g.*, *United States v. Durden*, 673 F. Supp. 308, 309 (N.D. Ind. 1987) (declining to consider a
7  represented criminal defendant's *pro se* motion); *United States v. Sherwood*, 2024 WL 553957,
8  slip op. at 1 (W.D. Wash 2024) (similar holding).

9  Defendant fails to establish that hybrid representation is appropriate. First, the Court has
10 reviewed its Speedy Trial calculations in this case and finds that, in light of findings made
11 throughout the pendency of this matter, (*see, e.g.*, Dkt. Nos. 31, 51, 85, 121), there is no Speedy
12 Trial violation. Moreover, the particular order the Court issued to continue trial in 2023, which
13 Defendant now takes issue with, (Dkt. No. 51), was (a) in response to *Defendant's* request for a
14 continuance based on the need for more time to review discovery and prepare for trial, (*see* Dkt.
15 No. 48), and (b) supported by *Defendant's* affirmative Speedy Trial waiver, (*see* Dkt. No. 50).[2]
16 Second, the Court sees no basis to conclude that present counsels' performance is deficient or
17 that they are incapable of adequately representing Defendant throughout the remainder of this
18 case.

19 Accordingly, Defendant's *pro se* motions (Dkt. Nos. 180, 181, 182) are DENIED.
20 //
21

---

22 [1] The motion does not comply with the procedural and formalistic requirements for such
23 requests. *See* CrR 62.2(b)(5) (a represented party that seeks to appear or act *pro se* must "request[ ] by motion to proceed on his or her own behalf, certif[y] in the motion that he or she
24 has provided copies of the motion to his or her current counsel and to the opposing party, and [receive from the court] an order of substitution by the court terminating the party's attorney").
25 Nevertheless, as trial is fast approaching, the Court addresses Defendant's request on the merits.
26 [2] It is thus unsurprising that present counsel declined to proffer the request Defendant now seeks to make *pro se* (Dkt. No. 181). Frankly, such a request, coming from counsel, would be frivolous and could result in sanctions.

ORDER
CR22-0122-JCC-1
PAGE - 2

It is so ORDERED this 3rd day of July 2025.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE