The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR22-122-JCC-1 |
| Plaintiff, | [PROPOSED] |
| v. | **ORDER OF FORFEITURE** |
| MOHAMMED ZAFARANCHI, | |
| a/k/a Mike, | |
| Defendant. | |

THIS MATTER comes before the Court on the United States' Motion for an Order of Forfeiture (**Dkt. 233**) (the "Motion"), seeking to forfeit, to the United States, Defendant Mohammed Zafaranchi's interest in a sum of money (also known as a forfeiture money judgment) in the amount of $176,040, reflecting proceeds that Zafaranchi personally obtained from his commission of *Conspiracy to Commit Wire Fraud* (Count 1) and *Wire Fraud* (Counts 2-6).

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, and the testimony and evidence presented at Zafaranchi's trial, hereby FINDS entry of an Order of Forfeiture is appropriate, for the reasons set forth below:

Order of Forfeiture - 1
*United States v. Zafaranchi,* CR22-122-JCC-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Zafaranchi was convicted by a jury of *Conspiracy to Commit Wire Fraud*, in violation of 18 U.S.C. § 1349 (Count 1), and of *Wire Fraud*, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 2-6). The Indictment provided Zafaranchi with adequate notice under Fed. R. Crim. P. 32.2(a) that, upon his conviction of *Conspiracy to Commit Wire Fraud* (Count 1) and/or *Wire Fraud* (Counts 2-6), the United States would pursue the forfeiture of proceeds of Zafaranchi's wire-fraud scheme.

The proceeds of *Conspiracy to Commit Wire Fraud*, in violation of 18 U.S.C. § 1349 (Count 1), and of *Wire Fraud*, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 2-6), are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c). The Court, not the jury, determines the amount of a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A); *United States v. Nejad*, 933 F.3d 1162 (9th Cir. 2019).

Criminal forfeiture is a form of punishment that is imposed as part of a criminal sentence. *Libretti v. United States*, 516 U.S. 29, 39-40 (1995). To criminally forfeit property, there must be a predicate criminal conviction, a statute authorizing forfeiture for the crime of conviction, and evidence to support the statutorily required nexus between the property and the crime of conviction. *See e.g., United States v. Garcia-Guizar*, 160 F.3d 511, 518-20 (9th Cir. 1998). The United States must establish the forfeitability of the relevant property by a preponderance of the evidence. *Id.* at 517-18.

A co-conspirator can be ordered to forfeit the proceeds that "came to rest with him as a result of his crimes." *See United States v. Thompson*, 990 F.3d 680, 689-91 (9th Cir. 2021) (discussing *Honeycutt v. United States*, 581 U.S. 443 (2017)).

The calculation of a forfeiture amount "does not demand mathematical exactitude." *United States v. Ford*, 296 F. Supp.3d 1251, 1260 (D. Or. 2017). The Court "need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011). (internal quotations omitted).

Order of Forfeiture - 2
*United States v. Zafaranchi,* CR22-122-JCC-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court FINDS that the evidence admitted at trial establishes, by a preponderance of the evidence, that Zafaranchi personally obtained at least $176,040 in wire-fraud proceeds from his commission of *Conspiracy to Commit Wire Fraud* (Count 1) and/or *Wire Fraud* (Counts 2-6), that is, this amount of proceeds "came to rest" with Zafaranchi. Specifically, the Court FINDS as follows:

- Zafaranchi, Mark Lezama, and Josh Herrera agreed that Herrera would keep 40 percent of the Washington call centers' profits, and Zafaranchi, Lezama, and another co-conspirator would each receive 20 percent of these profits.

- The Washington call centers that Herrera operated as part of this scheme were Sound Solutions Group, Community Assistance Center, and Sienna Support Network.

- Thousands of defrauded homeowners made either installment payments (in the amount of approximately $1,000) or "full pop" $3,000 payments, into the Washington call centers' bank accounts, per their client contracts.

- After expenses were paid from the Washington call centers' bank accounts, significant profits remained.

- On a weekly basis, Zafaranchi directed Washington call center employees to transfer his and others' 60 percent cut of the proceeds to the California-based bank accounts for business entities that he controlled (Reece's Pieces Marketing, Statewide Enrollment Group, Coastline Community Group, Realty Management Association, Coastline Community Center, and Residential Support Group), consistent with the co-conspirators' agreed-upon profit split.

- From 2016 to mid-2018, $528,120.80 was transferred from the Washington call centers' bank accounts to the bank accounts for Zafaranchi's California-based business entities (noted above).

- The figure of $528,120.80 might not represent the full 60 percent cut of the proceeds, because it does not include the "payroll" transactions and cash withdrawals from the Washington call centers' bank accounts.

- Zafaranchi directed the distribution of the 60 percent cut of the proceeds from the California accounts, commonly by directing the signatories to withdraw funds in cash or directing employees to cash checks written on the accounts.

Order of Forfeiture - 3
*United States v. Zafaranchi,* CR22-122-JCC-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Assuming, conservatively, that $528,120.80 represents a 60 percent cut of the Washington call center's fraud proceeds, then Zafaranchi's 20 percent share of the fraud proceeds is $176,040.

- Herrera obtained $381,482 from the Washington call centers' bank accounts. *See* Trial Ex. 803. If $381,482 represents Herrera's 40 percent cut of the proceeds, then 20 percent would be $190,741. This indicates that the requested forfeiture money judgment amount of $176,040 is a reasonable (if low) estimate of Zafaranchi's 20 percent cut of the fraud proceeds.

The forfeiture money judgment in the amount of $176,040 is separate and distinct from any restitution that is ordered in this case. The forfeiture money judgment is personal to Defendant; pursuant to Fed. R. Crim. P. 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C), by way of 28 U.S.C. § 2641(c), the Defendant's interest in a sum of money in the amount of $176,040 is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Order of Forfeiture will become final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. No right, title, or interest in the above-identified sum of money in the amount of $176,040 exists in any party other than the United States;

4. Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $176,040;

//
//

Order of Forfeiture - 4
*United States v. Zafaranchi,* CR22-122-JCC-1

5. The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 10th day of September 2025.

THE HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

Order of Forfeiture - 5
*United States v. Zafaranchi,* CR22-122-JCC-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970